UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREW GUY MORET,

        Plaintiff,

    v.

PAT GARRETT, M. LLOYD, S. HOPSON, B. CONDON, H. SMITH, S. SIEMILLER, A. ASHENFELTER, R. BOSE, J. SHULZ, GODFRIED, BRANFORD, T. MILLSAP, WASHINGTON COUNTY JAIL,

        Defendants.

Case No. 3:18-cv-00096-MK

OPINION AND ORDER

KASUBHAI, Magistrate Judge:

    Plaintiff, appearing pro se, filed suit under 42 U.S.C. § 1983 alleging that Washington County sheriff's deputies violated his rights under the First and Fourteenth Amendments. Defendants moved for judgment on the pleadings, and this Court granted the motion. Plaintiff appealed.

    The Ninth Circuit vacated the judgment with respect to plaintiff's conditions of confinement claim (Claim III). Specifically, the Ninth Circuit found:

1 – OPINION AND ORDER

> The district court properly dismissed Moret's conditions-of-confinement claim ("Claim III") because Moret failed to allege facts sufficient to show that he filed this claim within the applicable two-year statute of limitations…. However, dismissal without leave to amend was premature because it is not "absolutely clear" that the deficiencies in Claim III could not be cured by amendment. Although Moret alleged a relevant time period of November 28, 2015 to December 18, 2015 regarding provision of meals and running water, he separately alleged that he was denied a mattress, blankets and clothing during an unspecified time period. Accordingly, we vacate the judgment, and remand for the district court to provide Moret with an opportunity to amend his complaint.

Mem. Op. at 2 (ECF No 37). In other words, the Ninth Circuit held that plaintiff should be allowed to amend only with respect to Claim III in order to allege the relevant time period during which he was denied a mattress, blankets, and clothing.

Upon remand, plaintiff was directed to file an amended complaint "regarding his allegations that he was denied a mattress, blankets, and clothing while detained at the Washington County jail" and to "specify the time period in which he was denied these items and how long he was deprived of these items." Order dated March 4, 2020 (ECF No. 39). In response, plaintiff moves for leave to file an amended complaint. Although plaintiff has not been granted leave to amend, defendants move to dismiss proposed Claims 1 through 22, to strike proposed Claim 31, and to make more definite and certain proposed Claims 23 through 27.

In Claims 1 through 22 of his Amended Complaint, plaintiff repeats his previous allegations that he was denied meals and/or running water between November 27, 2015 and December 17, 2015. As recognized by the Ninth Circuit, these claims were not filed within the two-year statute of limitations, and plaintiff's motion to amend is denied with respect to these claims.

In Claims 23 through 25, plaintiff alleges that Washington County jail officials moved him to segregated housing on December 18, 2015 and verbally "harassed" him during his time in segregation. However, "verbal harassment generally does not violate the Eighth Amendment."

2 – OPINION AND ORDER

*Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that Eighth Amendment's protections do not extend to "verbal sexual harassment."). Accordingly, plaintiff's motion is denied with respect to Claims 23 through 25.

In Claims 26 through 30, plaintiff alleges that from late January 2016 until February 19, 2016, Cpl. Millsap denied him clothing, a blanket, and a clean mattress after he accidentally flooded his cell. Plaintiff's allegations fall within the statute of limitations, and his motion to amend is allowed with respect to Claims 26 through 30 alleged against Cpl. Millsap. Plaintiff identifies no other Washington County official who allegedly denied him these items.

Finally, in Claim 31, plaintiff alleges that on February 19, 2016, an unknown Washington County official contacted Oregon State Hospital (OSH) and falsely reported that plaintiff was agitated, culminating in his transfer to OSH. This claim was not included in plaintiff's Complaint, and it does not relate back to his original allegations. Fed. R. Civ. P. 15. Accordingly, it is untimely and plaintiff's motion to amend is denied with respect to Claim 31.

Plaintiff also filed a Bill of Costs and seeks to recoup the filing fee for his appeal. The Ninth Circuit specifically ruled, "The parties shall bear their own costs on appeal." Mem. Op. at 3. This motion is denied.

Finally, plaintiff moves to compel settlement. I am not inclined to order any type of settlement discussions unless both parties are amenable to settlement, and plaintiff's motion is denied.

## CONCLUSION

Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 40) is GRANTED with respect to allegations against Cpl. Millsap set forth in Claims 26 through 30 of his proposed

Amended Complaint and DENIED in all other respects. Defendants' Motion to Dismiss, to Strike, and to Make More Definite and Certain (ECF No. 43) is GRANTED with respect to Claims 1 through 25 and 31 and DENIED with respect to Claims 26 and 27.

Plaintiff's Bill of Costs and Motion to Compel Settlement (ECF Nos. 41, 46) are DENIED.

DATED this 9th of June 2020.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI  
United States Magistrate Judge