**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW GUY MORET, | No. 21-35886 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00096-MK |
| v. | |
| PAT GARRETT; M LLOYD; S. HOPSON; B. CONDON; H. SMITH; S. SIEMILLER; A. ASHENFELTER; R. BOSE; J. SHULZ; GODFRIED; BRANFORD; T. MILLSAP; WASHINGTON COUNTY JAIL, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 18, 2023**

Before:   SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Oregon state prisoner Andrew Guy Moret appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims arising from his pre-trial detention at Washington County Jail.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment); *May v. Baldwin*, 109 F.3d 557, 561 (9th Cir. 1997) (district court's decision on qualified immunity).  We affirm.

The district court properly granted summary judgment on Moret's claim regarding temporary deprivation of clothing and bedding because Moret failed to raise a genuine dispute of material fact as to whether the confiscation of these items was not reasonably related to a legitimate governmental interest.  *See Bell v. Wolfish*, 441 U.S. 520, 539 (1979) (for the purpose of due process, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment'").

The district court properly granted summary judgment on Moret's claim regarding deprivation of a mattress and blanket because he failed to allege facts or provide evidence that Officer Millsap was involved in this decision.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Contrary to Moret's contentions, following remand from this court, the district court properly limited this action to Moret's claims concerning the temporary deprivation of a mattress, blanket, and clothing.  *See Hall v. City of Los*

*Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (reviewing de novo the district court's compliance with an appellate court's mandate, and finding that "a district court is limited by [an appellate court's] remand when the scope of the remand is clear"); *see also Pouncil v. Tilton*, 704 F.3d 568, 578-579 (9th Cir. 2012) (continuing violation doctrine does not apply if a claim is "based on an independently wrongful, discrete act").

We reject as meritless Moret's contentions that Judge McShane, Magistrate Judge Kasubhai, and the United States District Court for the District of Oregon engaged in retaliation against Moret or are prejudiced against pro se litigants.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**